# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| FLOYD L. SEMONS,<br><br>              Petitioner,<br><br>      v.<br><br>CHRIS STEVENS,<br><br>              Respondent. | Case No. 26-CV-741-JPS<br><br><br>**ORDER** |

## 1.      INTRODUCTION

On April 27, 2026, Petitioner Floyd L. Semons ("Semons") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He also filed a motion for release of a prisoner in a habeas corpus proceeding, ECF No. 7, and a motion for "a final determination of state court ruling," ECF No. 10. Semons additionally filed multiple motions for extension of time to pay the filing fee. ECF No. 5, 6, and 8. He further moved to enforce a state court order, ECF No. 11, to hold an evidentiary hearing and have the state court (also referred to as Circuit Court) cooperate, ECF No. 9, and to hold a hearing regarding a juror's conduct during trial, ECF No. 12 (citing WIS. STAT. § 906.06). The Court will screen Semons' petition under Rule 4 of the Rules Governing Section 2254 Proceedings and resolve his pending motions.

## 2.      FACTUAL BACKGROUND

On October 20, 2022, following a jury trial in Milwaukee County Circuit Court, Semons was found guilty of two counts of first-degree intentional homicide and one count of being a felon in possession of a firearm. *State of Wisconsin v. Floyd L. Semons*, Milwaukee Cnty. Case No.,

2021CF004821,

https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF004821&county
No=40&mode=details (last visited July 31, 2026) ("State Case"); *see id.*, Oct.
20, 2022 docket entry.[1] On January 9, 2023, Judge Jeffrey A. Wagner
sentenced him to serve life in prison on both homicide counts; Semons was
also sentenced to ten years as to the remaining count to run concurrently
with the first two counts. *Id.*, Jan. 9, 2023 docket entry.  A judgment of
conviction was entered on January 13, 2023, but due to a clerical error, it
was amended on February 3, 2023. *Id.*, Jan. 13, 2023 and Feb. 3, 2023 docket
entries. In March 2023, Semons filed a postconviction motion for an
evidentiary hearing, which Judge Wagner subsequently denied. *Id.*, Mar.
28, 2023 and Apr. 18, 2023 docket entries. Following the grant of several
extensions of time to file a motion for postconviction relief or notice of
appeal from the Wisconsin Court of Appeals, Semons filed a motion for
postconviction relief in February 2025. *Id.*, Feb. 10, 2025 docket entry. In
September 2025, after receiving several extensions of time to reach a
decision from the Wisconsin Court of Appeals, Judge Mark Sanders denied
Semons' motion for post-conviction relief. *Id.*, Sept. 4, 2025. Later that
month, Semons filed a notice of appeal.[2]  *Id.*, Sept. 24, 2025 docket entry. In

---

[1]The Court can and will take judicial of these proceedings. *Hypes v. Scott*,
No. 1:25-CV-22-JD-APR, 2025 WL 2938535, at *1 (N.D. Ind. Oct. 16, 2025) (citing
FED. R. EVID. 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018)).

[2]This appeal was assigned case number 2025AP2155-CR. *See* State Case,
Sept. 25, 2025 docket entry. In January 2026, the Wisconsin Court of Appeals
dismissed a supervisory writ that Semons filed in October 2025 (which, for
appellate purposes, was assigned case number 25AP2350-W) on the grounds that
it failed to comply with appellate rules. *State of Wisconsin v. Floyd L. Semons*,
Wisconsin Court of Appeals, 2025AP002350-W,
https://wscca.wicourts.gov/case/2025AP002350 (last visited July 31, 2026); *id.*, Jan.
7, 2026 docket entry (citing WIS. STAT. § 809.82(2) (entitled "NONCOMPLIANCE
WITH RULES")). Ostensibly, the purpose of seeking this writ was (an incorrect)
attempt to appeal his State Case.

April 2026, the Wisconsin Court of Appeals dismissed the appeal; the dismissal was voluntary. *Id.*, Apr. 1, 2026 docket entry. However, the Wisconsin Court of Appeals gave Semons until June 1, 2026 to file a supplemental postconviction motion or notice of appeal. *Id.* That deadline was subsequently extended until September 16, 2026. *Id.*, July 10, 2026 docket entry. To date, Semons has not filed anything further in his State Case.

**3.     ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims. To reach a decision here, the Court need only evaluate whether Semons has exhausted his remedies.

**3.1     Exhaustion**

A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court

for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Semons withdrew his habeas petition from processing in the Wisconsin Court of Appeals. The Court acknowledges that, at the time of this Order, Semons still has not yet initiated an appeal. Even so, the fact remains that his case has not yet reached the Wisconsin Supreme Court. As such, Semons has failed to exhaust his state court remedies.

A petitioner is permitted "to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case [is fully exhausted]." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). By doing so, a petitioner may be able to avoid passing the one-year time limitation for filing a habeas petition in federal court. 28 U.S.C. § 2244(d)(1)(A). This method is available where a petitioner has either a "mixed" petition containing both exhausted and unexhausted grounds for relief, or a petition with only unexhausted grounds for relief. *Blank v. Dittman*, 674 F. Supp. 2d 1100, 1101 (E.D. Wis. 2009) ("stay and abeyance is available even where a petition contains no exhausted claims"). However, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). And, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*.

In this case, all of Semons' claims are unexhausted, and he makes no request that this Court stay and hold his federal habeas petition in abeyance while he exhausts his state court remedies. Indeed, the Court discerns no procedural uncertainties, and Semons provides no other information to establish good cause to stay and hold his federal habeas petition in abeyance. As such, the Court must deny the petition and dismiss this action, without prejudice, for failing to exhaust state remedies. The dismissal will operate without prejudice. *Egerson v. Bell*, 24-CV-1620-JPS, 2025 WL 346790, at *1 (E.D. Wis. Jan. 30, 2025) (citing *Lasecki v. Verheyan*, No. 18-C-506, 2018 WL 2185025, at *1 (E.D. Wis. May 11, 2018)).

## 4. REMAINING MOTIONS

Semons' motions for release of a prisoner in a habeas corpus proceeding, ECF No. 7, and for "a final determination of state court ruling," a reference to his underlying State Case, ECF No. 10, will be denied without prejudice because the Court, as explained elsewhere in this Order, *see supra* Section 3.1, cannot yet consider whether he is entitled to habeas relief, which is exactly what these motions ask the Court to do.

Semons has also filed several motions for an extension of time to pay the filing fee. ECF Nos. 5, 6, and 8. Because Semons has paid the filing fee, *see* May 20, 2026 docket entry, these motions will be denied as moot. As for his motion to enforce a state court order in which certain physical items were supposedly to be shipped and tested to determine whether they constituted exculpatory evidence in his State Case, ECF No. 11, his motion to have an evidentiary hearing in his State Case and have the state court cooperate, ECF No. 9, and his motion to have a hearing evaluating whether a certain juror acted inappropriately at trial in his State Case, ECF No. 12, the Court will deny these motions as moot in light of the dismissal of this case.

## 5.	CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Semons is entitled to relief at this juncture. As a consequence, the Court must deny a certificate of appealability as to his petition.

## 6.	CONCLUSION

For the foregoing reasons, Semons' federal habeas petition will be denied without prejudice. As for Semons' motions for release of a prisoner in a habeas corpus proceeding, ECF No. 7, and for "a final determination pursuant of state court ruling," ECF No. 10, the Court will deny these motions without prejudice. Semons' motions for an extension of time to pay the filing fee will be denied as moot. ECF Nos. 5, 6, and 8. As for his motion to enforce a state court order, ECF No. 11, his motion for this Court to cooperate with the state court to hold an evidentiary hearing, ECF No. 9, and his motion to have a hearing regarding the conduct of a juror, ECF No. 12, the Court will also deny these motions as moot.

The Court will not issue a certificate of appealability because no reasonable jurist could debate whether Semons is entitled to relief at this juncture. The Court reminds Semons that he cannot bring a federal habeas

petition pursuant to 28 U.S.C. § 2254 unless and until he exhausts Wisconsin's post-conviction process with the Wisconsin Supreme Court.

Accordingly,

**IT IS ORDERED** that Petitioner Floyd L. Semons' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Petitioner Floyd L. Semons' motion for release of a prisoner in a habeas corpus proceeding, ECF No. 7, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Petitioner Floyd L. Semons' motion for final determination of a state court ruling, ECF No. 10, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Petitioner Floyd L. Semons' motions for extension of time to pay the filing fee, ECF Nos. 5, 6, and 8, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner Floyd L. Semons' motion for cooperation with Circuit Court, ECF No. 9, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner Floyd L. Semons' motion to enforce a state court order, ECF No. 11, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner Floyd L. Semons' motion to have a hearing regarding the conduct of a juror, ECF No. 12, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state remedies.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

<div style="border:1px solid red">

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

</div>