**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| FLOYD L. SEMONS,<br><br>Petitioner,<br><br>v.<br><br>CHRIS STEVENS,<br><br>Respondent. | Case No. 26-CV-741-JPS<br><br>**ORDER** |

On July 31, 2026, the Court denied Petitioner Floyd L. Semons' ("Petitioner") habeas petition without prejudice for failure to exhaust his remedies and dismissed this action without prejudice. ECF Nos. 13 and 14. On August 4, 2026, Petitioner filed a motion for relief from judgment, ECF No. 15, and a motion to alter or amend judgment, ECF No. 16. As to the first motion, ECF No. 15, Plaintiff purports to move pursuant to Federal Rule of Civil Procedure 59, and as to the second, ECF No. 16, Plaintiff purports to move pursuant to Federal Rule of Civil Procedure 60. Neither motion has any merit.

In his first motion, ECF No. 15, Petitioner asks the Court to set aside the judgment because he is innocent. He cites to *Gomez v. Jamiet* in support of his position that he need not come upon "newly discovered evidence" to continue with this argument and, in turn, this litigation. 350 F. 3d 673, 680 (7th Cir. 2003). However, Petitioner's recitation of this case is misplaced. *Jamiet's* ruling was with respect to the actual innocence exception to procedural default. In this case, the issue is that Petitioner failed to exhaust his remedies. Thus, regardless of why he thinks he is entitled to relief, even if it is based on a belief of actual innocence, he may not proceed in this Court

until he reaches the Wisconsin Supreme Court.[1] *See Weston v. Kemper*, No. 14-cv-424, 2015 WL 403886, at *4 (E.D. Wis. Jan. 29, 2015) (noting petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court to exhaust a claim (citing *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001)). Therefore, this motion has no merit and must be denied.

In his second motion, ECF No. 16, Petitioner cites *Arnold v. Dittman*, 901 F.3d 830 (7th Cir. 2018), for a similarly incorrect proposition: that his actual innocence is something that can be litigated in a federal court at any time. ECF No. 16 at 2. However, Petitioner's citation to *Arnold* is also erroneous. The Seventh Circuit's ruling there was with respect to the actual innocence exception to untimely petitions under 28 U.S.C. § 2244. *Arnold*, 901 F.3d at 841 (analyzing whether Arnold deserved the "benefit of an equitable exception to the time bar set forth in [the] federal statute"). Here, as noted, the issue is that Petitioner has failed to exhaust his remedies, meaning that he cannot advance this litigation until he reaches the Wisconsin Supreme Court. Other than *Arnold*, Petitioner advances no authority for his position; instead, he makes inappropriate comments to the Court. *See, e.g.*, ECF No. 16 at 3 ("Why the fuck wasn't [his actual innocence argument] addressed?"). Therefore, his second motion has no merit and must be denied.

[1]Petitioner spills much ink about how there have been filings in his state appeal since the Court's decision at the end of July. ECF No. 15 at 1. However, this is a moot point because Petitioner remains at the start of the state appellate process. Moreover, contrary to Petitioner's contention, there was no clerical error regarding whether there had been any recent filings. ECF No. 13 at 3 ("*To date*, Semons has not filed anything further in his State Case." (emphasis added)).

Accordingly,

**IT IS ORDERED** that Petitioner Floyd L. Semons' motion for relief from judgment, ECF No. 15, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner Floyd L. Semons' motion to amend or alter judgment, ECF No. 16, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge